# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL DAVIS, individually and on behalf
of all others similarly situated,
      *Plaintiffs*,

    v.

DANNEL P. MALLOY, *et al*.,
      *Defendants*.

No. 3:16-cv-1614 (JAM)

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Michael Davis is a prisoner in the custody of the Connecticut Department of Correction at the Osborn Correctional Institution. He has filed a complaint *pro se* and *in forma pauperis* on behalf of himself and all others similarly situated, alleging violation of his constitutional rights under 42 U.S.C. § 1983. For the reasons set forth below, the complaint is dismissed.

### BACKGROUND

The following facts as alleged in two handwritten pages in the complaint are accepted as true only for purposes of this initial ruling. Since a young age, plaintiff has suffered from serious mental illness and has required long-term psychiatric care and treatment. He alleges that defendants—Governor Dannel P. Malloy, Commissioner Scott Semple, Deputy Commissioner Monica Ellison, Director Kathleen Maurer, and Warden Henry Falcone—have denied him proper psychiatric care and treatment since 2009. Specifically, plaintiff alleges that defendants engage in the warehousing of mentally ill inmates at Garner Correctional Institution, where the only psychiatric treatment he and others receive is medication and disruptive group therapy. He has on numerous occasions written to defendants about this issue, but they have ignored him. He also alleges that defendant Falcone transferred him on some unspecified date to Garner.

Plaintiff states that his allegations ring true for many other similarly situated prisoners and that, together, they seek $250,000,000 in damages and transfer to the care and custody of the Commissioner Mental Health and Addiction Services so that they will receive appropriate mental health care.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* The allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff purports to file this complaint on behalf of himself and similarly situated prisoners. A non-attorney "*pro se* litigant, however, is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (citing 28 U.S.C.

§ 1654). Because plaintiff may not represent other prisoners, I will dismiss this action to the extent plaintiff pursues the claim on behalf of any prisoner other than himself.

As to plaintiff's own claim, I understand the complaint principally to allege that he has not received adequate medical care for his mental illness. It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim has two component requirements. The first requirement is objective: the alleged deprivation must be serious. The second requirement is subjective: the charged officials must act with a subjectively reckless state of mind in their denial of medical care. *See Spavone v. New York State Dept. of Correctional Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012).

Here, plaintiff alleges that he has been denied proper mental health treatment, but omits any allegations regarding his diagnoses, what treatment (other than medication and group therapy) he has been denied, and what harm he has encountered from the omitted treatment options. Nor does he identify any dates of any alleged failures of medical treatment except for a broad and continuous range from 2008 to the present. Without specific allegations relating to the denial of care for plaintiff and demonstrating the personal involvement of each of the defendants with this denial of care, *see Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013), the Court cannot conclude that any of the defendants have acted with deliberate indifference to plaintiff's serious medical needs. *See Selah v. N.Y.S. Docs Com'r*, 2006 WL 2051402, at *4 (S.D.N.Y. 2006) (Chin, J.) (dismissing plaintiff's vague allegations of deliberate indifference to medical needs). Plaintiff has not alleged facts that give rise to plausible grounds for relief.

**CONCLUSION**

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A on the ground that the complaint does not allege specific facts that give rise to plausible grounds for relief against any of the named defendants.

The Clerk of Court shall close this case.

Dated at New Haven, Connecticut this 2nd day of January 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

4